**Larry ROMINE and Sonia Mitelman, Plaintiffs–Appellants,**

**v.**

**COMPUSERVE CORPORATION, et al., Defendants–Appellees.**

No. 98–3480.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 3, 1998.

Decided Nov. 10, 1998.

Richard S. Wayne (briefed), William K. Flynn (argued and briefed), Strauss & Troy, Cincinnati, OH, Richard H. Weiss (briefed), Milberg, Weiss, Bershad, Hynes & Lerach LLP, New York, NY, David A.P. Brower (briefed), Wolf, Haldenstein, Adler, Freeman & Herz, New York, NY, for Plaintiffs–Appellants.

Frances F. Goins (argued and briefed), Harold E. Farling (briefed), Squire, Sanders & Dempsey L.L.P., Cleveland, OH, David J. Young (briefed), Squire, Sanders & Dempsey L.L.P., Columbus, OH, David K. Frank, Columbus, OH, Michael F. Colley, Law Offices of Michael F. Colley, Columbus, OH, for Defendant–Appellee Compuserve Corporation.

Frances F. Goins (argued and briefed), Harold E. Farling (briefed), Squire, Sanders & Dempsey L.L.P., Cleveland, OH, for Defendants–Appellees H&R Block, Inc., H&R Block Group, Inc., Richard H. Brown, Robert J. Massey, Herbert J. Kahn, Kenneth Marinik, Henry F. Frigon, Roger W. Hale, Morton I. Sosland.

Sheldon Raab (argued and briefed), Fried, Frank, Harris, Shriver & Jacobson, New York, NY, Marvin L. Karp (briefed), Ulmer & Berne, Cleveland, OH, for Defendants–Appellees Goldman, Sachs & Company, George K. Baum & Company, Merrill Lynch, Pierce, Fenner and Smith, Inc.

Before: MERRITT and COLE, Circuit Judges; EDMUNDS, District Judge.[*]

## OPINION

MERRITT, Circuit Judge.

Four duplicative class action cases have now been filed arising out of the same securities transaction—one in Ohio state court, one in New York state court, and two in federal district court in Ohio. Plaintiffs, who are represented by the same counsel, apparently want all the duplicative actions to go forward in all of the courts at the same time. This appeal presents the recurring question of whether the district court properly exercised its discretion to abstain from exercising its jurisdiction in deference to the parallel state court proceeding in Ohio. The district court, citing "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" stayed all proceeding in this consolidated federal action pending resolution of the ongoing state proceedings against the defendant. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). We agree.

### I.

The abstention questions at the heart of this appeal have little to do with the intricacies of the factual history underlying the controversy. We thus may sketch the background of this case in brief. The instant matter consists of two consolidated federal class actions, both of which were filed in the U.S. District Court for the Southern District of Ohio, asserting claims for violations of sections 11, 12(a)(2) and 15 of the Securities Act of 1933. Before either of these class proceedings were initiated, a related class action had already been filed in Ohio state court. Plaintiffs are individual investors who purchased shares of common stock in Defendant Compuserve Corporation ("Compuserve") pursuant to an initial public offering in April 1996. They allege that Compuserve's IPO prospectus and registration statement contained numerous materially false and misleading statements and failed to disclose vital information about its business strategies and financial outlook. When Compuserve's stock experienced a precipitous drop in price, several suits were brought against the company.

The first of these suits, styled *Greenfield v. Compuserve Corporation*, was filed on June

---

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

28, 1996 in the Franklin County (Ohio) Court of Common Pleas. Greenfield brought claims against Compuserve under sections 11, 12(a)(2) and 15 of the Securities Act of 1933 on the grounds set forth above. Greenfield also asserted Ohio statutory Blue Sky and common law claims based upon the same alleged material omissions in the prospectus and registration statement. The *Greenfield* plaintiff class purports to include all persons who bought Compuserve stock from the initial offering date through July 16, 1996.

On July 22, 1996, nearly one month after the Ohio state action was filed, one of the law firms representing plaintiff Greenfield filed a duplicative suit in the district court below, styled *Romine v. Compuserve Corporation,* asserting the exact same claims under the Securities Act of 1933 against Compuserve and certain of its senior officers and/or directors. While the class period in *Romine* purports to be exactly the same as that in the *Greenfield* action, *Romine* does not include the state statutory and common law claims asserted in the Ohio state action. By contrast, the Ohio state court suit includes both the federal and state claims.

On March 17, 1997, the Defendants moved to dismiss or stay the *Romine* action, *inter alia,* on the grounds that because it was duplicative of the Ohio state action, the district court should refer to the first-filed, more comprehensive state proceeding pursuant to the abstention doctrine enunciated by the Supreme Court in *Colorado River.* Before responding to the Defendants' motion raising the abstention issue, Plaintiff Romine's lawyers on April 17, 1997—nine months after the *Greenfield* action was filed—filed yet another federal class action in the lower court, this one styled *Mitelman v. Compuserve Corporation.* Both the underlying factual predicate of and the claims asserted in the *Mitelman* Complaint are identical to both the *Romine* federal district court proceedings and to those in the Ohio state court actions. All three putative classes are exactly the same. The single distinguishing feature of *Mitelman* was that it included the IPO Underwriters—Goldman Sachs & Co., George K. Baum and Company, and Merrill, Lynch, Pierce, Fenner & Smith Incorporated—as named Defendants.

On May 20, 1997, Mr. Greenfield initiated yet another class action lawsuit, this one filed in the Supreme Court of the State of New York solely against the Underwriters. On July 15, 1997, Defendants moved to dismiss or stay the *Mitelman* proceedings, arguing that the *Colorado River* abstention doctrine counseled deference to the ongoing state proceedings. On September 12, 1997, on Plaintiffs' motion, the district court consolidated the *Romine* and *Mitelman* federal class actions. On March 26, 1998, the district court entered an Opinion and Order staying the federal action pending resolution of the state proceedings. Finally, on April 24, 1988, the Supreme Court of New York entered an order granting the Underwriters' Motion to Dismiss those proceedings.

## II.

■ In *Colorado River,* the Supreme Court noted that, despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," 424 U.S. at 817, 96 S.Ct. 1236, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts. As the Court explained, the principles underlying this doctrine "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236 (quoting *Kerotest,* 342 U.S. at 183, 72 S.Ct. 219). Before the *Colorado River* doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel. *See Crawley v. Hamilton County Comm'rs,* 744 F.2d 28 (6th Cir.1984). In the instant matter, the district court found that the consolidated federal class actions are parallel to the *Greenfield* Ohio state court action:

> Both cases arise out of the IPO. The proposed plaintiff classes in both cases are coextensive. The causes of action alleged in this case are also alleged in the Greenfield Action. The theories of recovery are

identical. The Defendants, for the most part, are the same in both cases. The same relief is sought in both cases. Finally, a close companion of the complaints in this consolidated case and the complaint filed in the Greenfield Action reveal word-for-word identical passages.

Opinion and Order of March 26, 1998, at 9. Plaintiffs argue on appeal that the state and federal actions involved in this case do not possess the required identity of parties and issues to warrant abstention under *Colorado River.* First, the three named Plaintiffs (Romine, Mitelman, and Greenfield) are all different. Second, Plaintiffs maintain that the absence of the Underwriters from the state action potentially precludes Plaintiffs from obtaining complete relief on all possible claims. Third, plaintiffs argue that the district court ignored the fact that no plaintiffs classes have been certified in any of these actions and that therefore, as a matter of law, the only plaintiffs with a stake are Romine and Mitelman in the consolidated federal action and Greenfield in Ohio state court.

Plaintiffs' arguments are flawed in several respects. First, while it is true that additional claims are made against the Underwriters in the *Mitelman* action, the opposite is also true insofar as only the state court has before it state statutory and common law claims based on the alleged material omissions in the prospectus and registration statement. Thus, in fact, the state action is actually more comprehensive than the consolidated federal cases. "[E]xact parallelism" is not required; "[i]t is enough if the two proceedings are substantially similar." *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989). *See Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir. 1988); *Lumen Constr., Inc. v. Brant Constr. Co.,* 780 F.2d 691, 695 (7th Cir.1985). This principle is especially apposite in the instant matter, where the interests of both the named plaintiffs and the identical putative classes they seek to represent are congruent, notwithstanding the nonidentity of the named parties. *See Canaday v. Koch,* 608 F.Supp. 1460, 1475 (D.C.N.Y.1985), *aff'd sub nom. Cannady v. Valentin,* 768 F.2d 501 (2d Cir.1985). In this respect, we find that where such congruence of both interests and

allegations exists in duplicative class actions, the nonidentity of the named class representatives should in no way undermine a court's determination that the suits in question are otherwise parallel. "If the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties." *Lumen Constr., Inc. v. Brant Constr. Co. Inc.,* 780 F.2d 691, 695 (7th Cir.1985). In the instant matter, for example, Plaintiff Mitelman, with the help of the same legal counsel who represents plaintiff Romine, initiated her federal class action suit against Compuserve only after the Defendant had raised the issue of abstention with respect to the Romine proceedings, which were identical to the Greenfield state court action in every important respect. We are not to be understood to imply that Plaintiffs' counsel deliberately manufactured the *Mitelman* class action for the sole purpose of fabricating a distinction upon which to contest abstention, in this case the nonidentity of the parties resulting from the inclusion of the Underwriters as named defendants. In any event, their motivation is of no import to our analysis. As this Court stated explicitly in *Heitmanis,* the argument that abstention is inappropriate because the federal cause of action included parties not present in the state proceedings "is not relevant to *Colorado River* abstention." 899 F.2d at 528. Here, where (1) the parties are substantially similar and (2) Mitelman's claims against the Underwriters are predicated on the same allegations as to the same material facts that the prospectus and registration statement allegedly failed to disclose or misinterpreted, the actions must be considered "parallel" for the purposes of the *Colorado River* abstention doctrine.

█ Having answered affirmatively the threshold question of whether the federal and state court proceedings here are parallel, we turn now to a formal analysis of the *Colorado River* test enunciated by the Supreme Court. In *Colorado River,* the Court declared that, in deciding whether to defer to the concurrent jurisdiction of a state court, a district court must consider such factors as (1) whether the state court has assumed jurisdiction over any res or property; (2) wheth-

er the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. *See* 424 U.S. at 818–19, 96 S.Ct. 1236. In the case before it, the *Colorado River* Court upheld the district court's order of dismissal, emphasizing the McCarran Amendments' policy of avoiding piecemeal adjudication of water rights in a river system. *See id.* at 819, 96 S.Ct. 1236. In subsequent cases, the Supreme Court has identified at least four additional factors to be weighed in the balance. These include: (5) whether the source of governing law is state or federal, *see Moses H. Cone*, 460 U.S. at 23–26, 103 S.Ct. 927; (6) the adequacy of the state court action to protect the federal plaintiff's rights, *see id.* at 26–28, 103 S.Ct. 927; (7) the relative progress of the state and federal proceedings, *see id.* at 21–23, 103 S.Ct. 927; and (8) the presence or absence of concurrent jurisdiction, *see Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a give case" depending on the particular facts at hand. *Moses H. Cone*, 460 U.S. at 15–16, 103 S.Ct. 927. *See Baskin v. Bath Tp. Bd. of Zoning Appeals*, 15 F.3d 569, 571 (6th Cir. 1994).

█ A careful balancing of the factors set forth by the Supreme Court requires us to conclude that in this case, the district court's decision to abstain in deference of the parallel state court proceedings did not constitute an abuse of discretion. The first factor to be weighed under the *Colorado River* test— whether the state court has assumed jurisdiction over any *res* or property—is inapposite to the instant matter because no property is at issue; this factor thus weighs against abstention. Likewise, we cannot find that the federal forum in this case is any less convenient than the state forum, since both actions are pending in courthouses in the same city: Columbus, Ohio. This second factor thus also counsels against federal abstention. Thereafter, however, our analysis strongly supports the district court's decision to stay the consolidated federal class action proceedings pending the resolution of the state court proceedings.

In *Moses H. Cone*, the Supreme Court noted "the consideration that was paramount in *Colorado River* itself—the danger of piecemeal litigation." 460 U.S. at 19, 103 S.Ct. 927. Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results. *See LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir.1989). In this case, the outcome of both the consolidated federal class actions and the *Greenfield* state court action depend on the resolution of the exact same issue: whether Compuserve's IPO prospectus and registration omitted or misrepresented information that would be deemed "material" to a potential investor, thereby violating the Securities Act of 1933. The threat of piecemeal results is thus especially high. Moreover, the specter of judicial duplication of effort looms particularly ominously in the class action context, where the potential for inefficiency is acute. As Defendants note in their brief on the merits: "Complex class litigation is particularly suited to the application of a non-duplication principle.... [D]uplication of such class litigation, with all the multiplicity of waste attendant in it, is simply more likely to present an exceptional circumstance warranting *Colorado River* abstention." Defendants–Appellees' Br. 13–14 (quoting *J.I.K. Realty Co., Inc. v. Stewart*, 1989 U.S. Dist. LEXIS 15647, at *22 (N.D.Ill. Dec. 28, 1989)). Finally, as the Seventh Circuit noted in *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691 (7th Cir.1985):

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamemanship or that result in conflicting adjudications.

*Id.* at 694.

In addition, the state court proceeding has progressed considerably further than the consolidated federal actions, a fact which

weighs strongly in favor of deferring to the former. At the time the district court exercised its discretion to stay its own proceedings, the defendants in the *Greenfield* Ohio state action had answered the Complaint; the state court had entered an order consolidating three related cases, as well as a confidentiality order; the parties were well into the discovery process, having already answered several sets of discovery requests; and the defendants had produced over thirty boxes of documents for plaintiff's review. By contrast, the consolidated federal actions were still in the initial pleading stage. The Defendants note that since the lower court's decision to abstain, even further progress has been made in the state action: depositions have been taken; discovery requests and thousands of documents have been exchanged; the state court has placed the case on its complex administrative track; and defendants have moved for summary judgment. *See* Defendants–Appellees Br. 16–17 n.7. It is also not inconsequential that the state court obtained jurisdiction over Greenfield's state action one month and nine months, respectively, before Romine's and Mitelman's federal actions were filed in the lower court. Moreover, in light of the fact that the state action was not a reactive suit by a defendant attempting to force abstention in order to effect a forum shopping ploy, but rather was filed first by one of the several plaintiffs in the plaintiff counsel's stable (like both subsequent federal suits), these two factors—the progress made in the state court action and the order of filing—both counsel very strongly in favor of abstention.

The Supreme Court stated in *Moses H. Cone* that "the presence of federal law issues must always be a major consideration weighing against surrender" of federal jurisdiction in deference to state proceedings. 460 U.S. at 26, 103 S.Ct. 927. In the instant matter, plaintiffs in both the federal and state suits assert causes of action under the Securities Act of 1933, a federal statute. Greenfield, the state plaintiff, also asserts claims under both Ohio common law and the state's statutory Blue Sky laws. Given the prominence and exact similarity of the federal law claims, it would appear, at least at first glance, that this would be a strong argument against abstention. However, the Court in *Moses H. Cone* also noted that "the source-of-law factor has less significance ... [where] the federal courts' jurisdiction to enforce [the statutory rights in question] is concurrent with that of the state courts."

*Id.* at 25, 103 S.Ct. 927. In this case, the Ohio courts have concurrent jurisdiction over all the Plaintiff's federal securities law claims. The source-of-law factor thus has less significance here, especially in light of the fact that the Securities Act of 1933 not only provides that federal securities law actions under the 1933 Act may be brought in state courts, but also bars removal of such actions brought in state court. *See* 15 U.S.C. § 77v. Moreover, when compared to the federal statute, Ohio's securities laws provide a similar, but perhaps more expansive, cause of action. And in federal court the state claim is merely a "pendent" or "supplementary" claim that need not be adjudicated, whereas in state court both state and federal claims are equally enforceable. While the presence of federal claims under the 1933 Act is an important factor to be weighed in our analysis, its significance is seriously diminished in light of the circumstances set forth above.

Finally, we review briefly the adequacy of the state court action to protect the rights of the federal plaintiffs and the putative class. There can be no legitimate contention that the Ohio state courts are incapable of safeguarding these rights. On the contrary, Congress expressly provided that state courts have concurrent jurisdiction over 1933 Act claims. The consent to jurisdiction given by the 1933 Act bespeaks a policy that recognizes the availability of comprehensive state systems for adjudication of federal securities actions. Perhaps more importantly, as noted above, defendants cannot defeat a plaintiff's choice of a state forum by removing the action to federal court. We doubt seriously that Congress would have included the state courts as such an integral element of the 1933 Act had it feared that these courts would inadequately protect plaintiff's rights.

Because the balance of relevant *Colorado River* factors very strongly supports the district court's decision to stay its proceedings

in deference to the state action, we conclude that the court's decision was not an abuse of discretion. Accordingly, the judgment of the district court is AFFIRMED.