**WANDA EPPS, et al., Plaintiffs,**

v.

**LAUDERDALE COUNTY,
et al., Defendants.**

**No. 00–2385 DV.**

United States District Court,
W.D. Tennessee,
Western Division.

Oct. 3, 2000.

R. Sadler Bailey, Jr., Andrew C. Clarke, Bailey & Clarke, Phillip R. Walker, Austin & Walker, Memphis, TN, David Peel, Cole & Peel, Millington, TN, for Plaintiffs.

J. Thomas Caldwell, Caldwell & Fitzhugh, Ripley, TN, Kemper B. Durand, Thomason Hendrix Harvey Johnson & Mitchell, Edward J. McKenney, Jr., Hanover Walsh Jalenak & Blair, Archie Sanders, III, McWhirter & Wyatt, Joe L. Wyatt, McWhirter & Wyatt, Memphis, TN, for Defendants.

Diane Vescovo, Memphis, TN, Pro se.

## ORDER DENYING DEFENDANTS MOTION FOR DISMISSAL ON GROUNDS OF ABSTENTION OR, IN THE ALTERNATIVE, FOR A STAY OF PROCEEDINGS, INCLUDING DISCOVERY

DONALD, District Judge.

Defendant City of Ripley seeks dismissal of Plaintiffs' complaint on grounds of abstention or, in the alternative, for stay of proceedings, including discovery. Other named defendants joined in the City of Ripley's motion. The complaint alleges that Plaintiffs were injured or killed due to Defendants' decision to pursue a fleeing suspect. Plaintiffs bring suit under 42 U.S.C. § 1983, the Tennessee Constitution, and Tenn.Code. Ann. Sections 29–20–202 and 55–8–108. Plaintiffs have filed identical claims in Lauderdale County Circuit Court, and Defendants argue that abstention is therefore appropriate. The Court has jurisdiction to hear Plaintiffs' claims under 28 U.S.C. § 1331 and its supplemental authority. For the reasons herein this Court **DENIES** Defendants' motion for dismissal on abstention grounds.

### I. Factual Background

On the night of May 8, 1999, law enforcement officers in Lauderdale County engaged in a high speed pursuit of Bryan Dowdy ("Dowdy"), who had evaded capture by a Covington police officer in neighboring Tipton County. Dowdy slammed into the vehicle driven by Wanda Epps ("Epps"), who was making a turn off the highway. Passengers in Epps' car were Paul Webb, Timmy Holcomb, and Lindsey Holcomb, who was killed.

In 1999, claims against Dowdy were filed in state court by Epps on August 27, by Paul and Karen Webb ("the Webbs") on October 29, and by Edie Wilson ("Wilson") and Billy Holcomb ("B.Holcomb") on October 5. Written discovery was completed.

Epps took depositions of officers involved in the chase, as well as non-parties to the suit. The state court limited the scope of all depositions to issues relevant to the Dowdy case, precluding discovery of information necessary to Plaintiff's claims against Defendants. All three cases against Dowdy settled on July 14, 2000.

On May 5, 2000, Epps and the Webbs filed the present claim against Defendants, as did Wilson and B. Holcomb. Immediately after, also on May 5, both sets of Plaintiffs filed identical cases in the Lauderdale County Circuit Court.

In the state court, Defendants noticed the depositions of Plaintiffs to be taken June 26, 2000. On June 16, however, the notice, along with all other discovery in state court, was stayed until this Court decided whether to accept jurisdiction.

In federal court, the Report of the Parties Planning Meeting was submitted on June 5, 2000. By consent, the parties agreed to stay discovery pending the outcome of this motion. Nevertheless, Plaintiffs did make Rule 26 disclosures and propounded discovery on Defendants. On July 24, 2000, this Court consolidated the two cases.

## II. Analysis

■ Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *see also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The doctrine of abstention, under which a District Court may postpone or decline to exercise its jurisdiction, is an extraordinary and narrow exception to the District Court's duty to adjudicate a controversy properly before it. *Id.* Abdication of the obligation to decide a case can be justified under this doctrine only in

the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. *Id.*

■ Regarding civil matters, abstention generally falls under four categories. When a constitutional issue can be avoided upon the resolution of an unclear state law claim, abstention is appropriate. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 499–501, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (Pullman abstention). Abstention is proper when the importance of difficult and unresolved state law issues transcend the individual result at bar. *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28–29, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) (Thibodaux abstention). Abstention is mandated if the exercise of federal review would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern. *Burford v. Sun Oil Co.*, 319 U.S. 315, 333–34, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (Burford abstention). Finally, abstention *may be* appropriate where principles "unrelated to considerations of proper constitutional adjudication and regard for federal-state relations" are relevant to the circumstances. *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236. Such principles are based on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," and make up "Colorado abstention." *Id.*

■ Here, the state law claims are well settled, so Pullman and Thibodaux abstention are inapplicable. The federal claim, under § 1983, predominates and has little bearing on state law efforts to establish any legitimate coherent policies, making Burford abstention inappropriate. If any theory of abstention applies to this case, it is Colorado abstention.

*A. Colorado abstention—threshold issue*

Before considering Colorado abstention it must be determined whether the concurrent state and federal proceedings are parallel. *Romine v. Compuserve Corporation,* 160 F.3d 337, 339 (6th Cir.1998); *Crawley v. Hamilton County Commissioners,* 744 F.2d 28, 31 (6th Cir.1984). It is undisputed that Plaintiffs filed individual lawsuits arising out of the same matter and alleging the same claims against identical parties in both state and federal court.

*B. Colorado abstention—factors*

■■■ Although duplicative litigation is to be avoided between federal courts, generally the pendency of a parallel state court action is no bar to the Federal court having jurisdiction. *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236. This difference stems from the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* Therefore, Colorado abstention, though broader in scope than the other civil abstention doctrines, is narrow in application. In contrast to the obligatory avoidance of a constitutional question under Pullman Abstention, a federal basis for jurisdiction may raise the level of justification needed for abstention. *Id.* at 815, 96 S.Ct. 1236. As jurisdiction to hear this case is federal, Defendants must clearly justify grounds for abstention.

■■■ In *Colorado River,* the Court outlined exceptional circumstances that may counsel abstention. The state court may have first assumed jurisdiction over property that is the subject of litigation, it may provide a more convenient forum, and it may have obtained jurisdiction first. *Id.* at 818, 96 S.Ct. 1236. Also, abstention may be desirable to avoid piecemeal litigation. *Id.* In weighing the factors, a court must carefully consider the obligation to

exercise jurisdiction in contrast to the factors counseling against that obligation. *Id.* Only the clearest of justifications will warrant dismissal. *Id.* at 819, 96 S.Ct. 1236. If a factor is inapposite, then it weighs against abstention. *Romine,* 160 F.3d at 341.

1. Piecemeal adjudication

In *Colorado River,* the Court found abstention appropriate. Its decision was driven by federal substantive law, the McCarren Amendment, which evinced a clear desire to avoid piecemeal adjudication of water rights in a river system. *Colorado River,* 424 U.S. at 819, 96 S.Ct. 1236. In the state of Colorado, the water rights claims in each of the seven drainage basins were administered by water referees. Every six months, the water referees submitted their decisions to the same state court, which exercised continuing jurisdiction over all claims and disputes. In light of this integrated and highly interdependent state water rights scheme, the McCarren Amendment favored abstention, because federal intervention would interfere with seamless adjudication of water rights (the *Colorado River* dispute itself involved 1000 claimants). The unique scenario presented in *Colorado River* highlighted the limited application of when Colorado abstention is proper, despite the rhetorical sweep of the principles that justify its application.

Unlike the McCarren Amendment, § 1983 is substantively designed to interfere with state law and protocols, not defer to it.

■■■ Defendants' argue that they have attempted to consolidate all five state actions, a procedure unavailable to them in federal court. Further, Defendants argue that allowing litigation to proceed in federal court will result in piecemeal adjudication and potentially expose them to addi-

tional liability. Tennessee has adopted a comparative fault framework, where a tortfeasor is only liable for the proportion of damages attributable to its fault, which requires, to the extent possible, that all tortfeasors causing a single, indivisible injury be joined in the same action. *Owens v. Truckstops of America*, 915 S.W.2d 420, 430 (Tenn.1996). Based on *Owens*, Defendants argue that Dowdy should be joined in the state action in order to share in his comparative fault. In *Owens*, however, where a joint tortfeasor was absent, the court held that equitable considerations justified imposing joint and severable liability on the defendants, with apportionment proceedings to follow. 915 S.W.2d at 430.

■ Defendants' arguments ultimately amount to a red herring. As the state court recognized, the claims against Dowdy, based on individual negligence, are severable from the claims against Defendants, based on § 1983. Though it is true that apportionment may be appropriate after proceedings in a § 1983 claim, the federal rule as articulated by the sixth circuit makes each tortfeasor jointly and severally liable for such violations. *Weeks v. Chaboudy, M.D.*, 984 F.2d 185. 188–89 (6th Cir.1992). Moreover, unlike in *Weeks*, where not all parties subject to the § 1983 claim were named, all Defendants potentially involved in the § 1983 suit are included in the federal complaint. Dowdy is not one of the federal defendants.

Accordingly, there is no danger that, if this case proceeds in federal court, Defendants will be unfairly exposed to dual liability. Plaintiffs' lawsuit against Defendants focuses on the law enforcement officers' decision to pursue and the municipality's custom or policy regarding high-speed pursuits. That issue has little to do with Dowdy's individual culpability. In fact, the state court proceedings against Dowdy limited any discovery requests of municipal defendants to the issue of Dowdy's personal negligence. This highlights the severability of the issues and negates the risk that adjudicating the § 1983 claims and attendant state law claims against the municipal defendants will result in piecemeal or incomplete relief.

■ Defendants also claim, that due to the identical nature of the suits, duplicative litigation is certain to result. Indeed, in *Romine* the sixth circuit stated that piecemeal adjudication occurs when state and federal courts adjudicate identical issues, duplicating judicial effort and potentially rendering conflicting results. 160 F.3d at 341. *Romine* must be read according to the facts of that case and in light of *Colorado River's* language that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." 424 U.S. at 818, 96 S.Ct. 1236. In *Romine*, the public's perception of fair and legitimate proceedings was potentially frustrated because the parallel federal and state court proceedings involved complex class litigation. 160 F.3d at 341. There, the court stated "the specter of judicial duplication of effort looms particularly ominously in the class action context, where the potential for inefficiency is acute." *Id.* The court further stated that "duplication of such class litigation, with all the multiplicity of waste attendant in it, is simply more likely to present an exceptional circumstance warranting Colorado River abstention." *Id.* Duplication due to identity of issues is by itself inadequate to justify abstention—in fact, it is merely the threshold issue in deciding whether it is appropriate to initially consider Colorado abstention. Erwin Chemerinsky, *Federal Jurisdiction*, 3d., § 14.1 at 816, 819. *Colorado River* involved identical proceedings, but the Supreme Court found abstention

appropriate on different grounds—that adjudication of water rights is best conducted in unified proceedings provided for under state law. *Id.* at 821, 96 S.Ct. 1236. The particular case must give rise to exceptional circumstances to justify abstention, and Defendants have failed to identify any such facts unique to this action.

 Parallel proceedings are either due to reactive or repetitive suits. This is a repetitive suit, where the plaintiff has filed in both forums. Repetitive suits are more suspect than reactive suits,[1] and may counsel in favor of abstention. *Romine,* 160 F.3d at 342. Repetitive suits may be designed to harass the defendant, they may be instigated because Plaintiff is impatient with a court's delay, or may be a reaction to an adverse ruling that foreshadows a decision on the merits but is not a final resolution that must be accorded res judicata effect. Chemerinsky, § 14.1 at 815. The Court finds, however, that Plaintiffs had legitimate reasons to file in state court.

Plaintiffs' state law claims are based on Tenn.Code Ann. Section 29–20–201. This law strips immunity from state officials in exceptional circumstances, but in doing so, requires that state "circuit courts shall have exclusive original jurisdiction over any action brought under this chapter." § 29–20–307. It is not surprising that a § 1983 claim, which always implicates state officials, would present facts amenable to a section 29–20–201 claim. The state's jurisdictional clause might be read as presenting plaintiffs with a Hobson's choice—if a claimant wants to proceed to federal court, the claimant has to leave the state law claim behind. Of course, the claimant could bring all claims to the state court, but a claimant should not be forced to do so. Likewise, the claimant could file

state claims in state court and the section 1983 claim in federal court. This seems contrary, however, to the principles of judicial economy. It is reasonable to conclude that the Plaintiffs filed a repetitive lawsuit to protect their interests in light of section 29–20–307's possible obstacle to this court exercising supplemental jurisdiction. Plaintiffs should not be penalized for doing so. The state law should not operate to force claimants into state court who want to vindicate their federal rights in a federal forum, as they are entitled.

2. Order in which jurisdiction is obtained

 The order in which jurisdiction was obtained and the degree of activity in each forum likewise do not favor abstention. Plaintiffs filed the federal claim before the state claim, albeit on the same day. Defendants assert that the state claim was filed in August of 1999, but this refers to the Dowdy claim, now settled. In light of the circumstances, Plaintiffs' reasons for filing the state court claim are strategically necessary to protect their interests. As discussed above, the state law claims contain a jurisdictional clause that restricts them to the state circuit court. The state court filing preserves a venue for adjudication of state law claims against Defendants should this Court deny supplemental jurisdiction.

 Moreover, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. *Moses Cone,* 460 U.S. at 21, 103 S.Ct. 927. Discovery proceedings in both venues have been stayed until this court decides Defendant's abstention motion. Any progress made in discovery relating

---

**1.** Reactive suits refer to a defendant filing an identical claim as plaintiff in the other forum, either state or federal.

to this matter has been limited to Defendant Dowdy, which is inconsequential to the § 1983 claim. Defendants claim that depositions of Plaintiffs are presently scheduled in state court for June 26, 2000. That notice, along with other discovery, has since been stayed pending the outcome of this motion. It is noted that, though there are no restrictions on when discovery can be taken in state court, Plaintiffs did not attempt to request information from Defendants. Tenn. R. Civ. P. 26.

In contrast, Plaintiffs made efforts to move discovery forward in the federal action. Federal R. Civ. P. 26(d) precludes discovery until the 26(f) meeting, which Plaintiffs attempted to arrange. Despite their good faith effort to meet on schedule, a meeting did not occur according to 26(f). Plaintiff nevertheless submitted a proposed Planning Meeting Report at the 16(b) scheduling conference. The Report was subsequently signed by the parties. In contrast to Plaintiffs' efforts to move the discovery forward in Federal Court, little effort was made to so do in state court, accentuating the defensive nature of the Plaintiffs' decision to file in state court. There is accordingly a virtual tie regarding when the state and federal court took jurisdiction, how many preliminary motions have been decided, and how much discovery has been taken. Because this factor is inapposite, it does not favor abstention.

### 3. Prevalence of federal or state law issues

 The prevalence of federal law issues in a case favors retaining jurisdiction. *Moses Cone*, 460 U.S. at 23, 103 S.Ct. 927. In *Colorado River*, though the McCarran Amendment was a federal law, the import of the law was to subject the U.S. government to state law regarding water rights. Despite the involvement of federal law, the state law claims were central to the disposition and the McCarren law was substantively peripheral, so abstention was favored. Plaintiffs have filed a § 1983 claim, alleging their Fourth and Fourteenth Amendment rights were violated. Though Plaintiffs also bring state law claims, the source of law is primarily federal. Defendants argue that, on its face, the Plaintiffs' federal claim is not colorable, and therefore the remaining claims will be based on state law. This argument, while appropriate in a dismissal action based on Fed.R.Civ.P. 12b(6), is not relevant to the abstention analysis. Therefore, this factor disfavors abstention.

### 4. Adequacy of state court proceedings

 The Supreme Court cautioned Federal Courts to evaluate whether state court proceedings would be potentially inadequate in protecting the claimant's rights. *Moses Cone*, 460 U.S. at 26, 103 S.Ct. 927. In *Colorado River* the state courts had extensive experience in adjudicating water rights cases compared to federal courts. Furthermore, the McCarren Act explicitly subjected the U.S. government to state water law. Unlike the McCarren Amendment, § 1983 is designed to vindicate federal law. The foundation of § 1983—protecting an individual from state custom and practice that is contrary to federal law—favors adjudication of such rights in a federal forum, outside state mechanisms.[2] *Mitchum v. Foster*, 407 U.S. 225, 240–242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (stating that "[p]roponents of [§ 1983] noted that state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights"). Although nothing in § 1983 bars

---

**2.** Section 1983 serves as the basic vehicle for court review of alleged state and local violations of federal law. Chemerinsky, § 8.1 at 450, 454.

a state court from hearing such claims, *Maine v. Thiboutot*, 448 U.S. 1, 10–11, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), certainly its import weighs against abstention on grounds of judicial economy where Congress created a cause of action for the sole purpose of vindicating federal civil rights. *See generally* Burt Neuborne, *The Myth of Parity*, 90 Harv. L.Rev. 1105 (1977). Furthermore, unlike the facts in *Colorado River*, where the state courts had more exposure to the cause of action than did federal courts, federal courts have extensive experience in adjudicating § 1983 claims.[3]

### 5. Other factors

 In *Colorado River*, because the state courts had jurisdiction over the res in the past, and continued to exercise jurisdiction over disputes in relation to the res, abstention was favored. 424 U.S. at 818, 96 S.Ct. 1236. Jurisdiction in this case is not dependent on any res. Because that factor is inapposite, it weighs against abstention.

In *Colorado River*, the Court found that the District Court's location was inconvenient. In *Colorado River*, 1,000 parties were involved. In such a situation, the requirement to travel an additional 300 miles to court was significant. Here, the federal court is 100 miles away and there are multiple parties. Though the trial is expected to last only a week and the burden is less severe on the parties than on the parties in *Colorado River*, this factor weighs in favor of abstention.

Finally, the fact that there is concurrent jurisdiction in this case has little bearing on abstention—except that it is within the federal court's discretion to favorably weigh abstention in such circumstances. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665, 98 S.Ct. 2552, 57 L.Ed.2d

504 (1978) (plurality opinion). Federal jurisdiction does not require justification, and therefore concurrent jurisdiction over the application of federal law does not necessarily weigh in favor of abstention. *Moses Cone*, 460 U.S. at 25–26, 103 S.Ct. 927. Here, due to the special circumstances that may have motivated Plaintiffs to file a parallel state action, the Court refrains from weighing this factor in Defendants' favor.

### III. Order

Having considered and applied the Colorado abstention factors, the Court finds that the scales tip in favor of the Court accepting and maintaining jurisdiction.

The above analysis applies equally to dismissal or stay. Based on the foregoing, the motion of Defendants, Land et al. (dkt # 4–1) and Jones et al. (dkt ##25–1, 25–2), for abstention is **DENIED**. Defendants' motion for stay is also **DENIED**.

---

**3.** Over 10% of the federal court docket consists of section 1983 cases. George C. Pratt, Foreward to M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees*, viii (3d ed.1997).