*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0437P (6th Cir.)
File Name: 01a0437p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

PAINEWEBBER, INC.,
      *Plaintiff-Appellant,*

      *v.*

ALFRED M. COHEN, Executor
of the Estate of Samuel
Ginsburg,
      *Defendant-Appellee.*

No. 01-3228

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 00-00611—Herman J. Weber, District Judge.

Argued: October 25, 2001

Decided and Filed: December 27, 2001

Before: BOGGS, GILMAN, and BRIGHT, Circuit Judges.[*]

_____

[*] The Honorable Myron H. Bright, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

rule on this issue and so it is not properly before this court on appeal. To me, it sets a bad precedent for an appellate court, *except* in unusual circumstances not present here, to decide an issue not ruled on by the trial court. I think it only proper to remand that issue to the able district judge. The question of abstention here is far from clear. The district court may well ask for additional evidence and briefing on the subject.

---

**COUNSEL**

**ARGUED:** Jeffrey J. Jones, JONES, DAY, REAVIS & POGUE, Columbus, Ohio, for Appellant. Stanley M. Chesley, WAITE, SCHNEIDER, BAYLESS & CHESLEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Jeffrey J. Jones, Douglas Marr Mansfield, JONES, DAY, REAVIS & POGUE, Columbus, Ohio, for Appellant. Stanley M. Chesley, WAITE, SCHNEIDER, BAYLESS & CHESLEY, Cincinnati, Ohio, for Appellee.

GILMAN, J., delivered the opinion of the court in which BOGGS, J., joined. BRIGHT, J. (pp. 20-23), delivered a separate dissenting opinion.

---

**OPINION**

---

RONALD LEE GILMAN, Circuit Judge. PaineWebber, Inc. filed a petition to compel arbitration and stay the state court action brought by Alfred Cohen, as executor of the Estate of Samuel J. Ginsburg, against PaineWebber and Richard Wilhelm, one of PaineWebber's branch managers. Following the district court's determination that Wilhelm, an Ohio resident whose presence would defeat complete diversity of citizenship, was a necessary and indispensable party to the federal proceeding, the court dismissed PaineWebber's petition for lack of subject matter jurisdiction. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

agreement, and resolving all the matters related to this common cause of action.[4]

The majority expresses concern that affirming the district court would set a dangerous precedent whereby defendants could defeat arbitration by joining non-diverse parties. This position evinces an unnecessary distrust of both state courts and federal district courts. In regard to state courts, neither party presents the argument that state courts in general, or that the Ohio courts in particular, shirk their duty to enforce lawful arbitration agreements under the FAA.

Furthermore, the majority's policy implication is not tenable because decisions to dismiss based on nonjoinder of parties are to be made pragmatically and based on the particularized context of each case. *See e.g., Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999) (explaining that dismissal based on nonjoinder must be made "pragmatically, in the context of the substance of each case, rather than by procedural formula") (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)). Federal district courts are fully capable of distinguishing between a situation where non-diverse parties are joined solely to defeat federal jurisdiction and the situation where a non-diverse party who is covered by an arbitration agreement must be joined under Rule 19 as a necessary and indispensable party.

Finally, I strongly disagree with the majority's reaching out to decide the issue of abstention. The district court did not

---

[4] The majority opinion does not account for the amount of progress made in the Hamilton County Common Pleas Court. The state court issued a temporary restraining order to preserve evidence. Furthermore, as the federal district court explained, the state court held a case management conference on October 31, 2000, where the court set a trial date of June 25, 2001, and established deadlines for the completion of discovery and filing pretrial motions and trial briefs. Apart from the parties' agreement to not proceed with the state court action while the federal action was pending, there is every indication that the state court would have addressed this matter in a timely fashion.

---

## I. BACKGROUND

### A.   Factual background

Ginsburg entered into a "Client's Agreement" with PaineWebber on August 11, 1992. This agreement contains a detailed arbitration clause providing "that any and all controversies . . . concerning any account, transaction, dispute or the construction, performance, or breach of this or any other agreement . . . shall be determined by arbitration." Several days later, Ginsburg and PaineWebber executed a "Master Account Agreement" that contains an arbitration clause nearly identical to the one found in the Client's Agreement. One significant difference between the two documents, however, is that the Master Account Agreement's arbitration clause not only references disagreements between PaineWebber and Ginsburg, but also specifies that it governs disputes between Ginsburg and "[PaineWebber's] employees or agents." Both agreements include provisions that make their terms binding on Ginsburg's heirs, executors, administrators, successors, and assigns.

After Ginsburg died on October 9, 1999, Cohen, an Ohio resident, was appointed the executor of Ginsburg's estate. Acting in his capacity as executor, Cohen filed a lawsuit against PaineWebber and Wilhelm in the Hamilton County Court of Common Pleas on July 26, 2000, asserting claims of conversion and fraudulent concealment that relate to Ginsburg's brokerage account with PaineWebber.

### B.   Procedural background

PaineWebber filed a petition in the United States District Court for the Southern District of Ohio two days later, seeking to compel arbitration, enforce the arbitration agreements, and stay Cohen's state court action. It filed an amended petition seeking the same relief on August 10, 2000. Wilhelm was not named as a party in either PaineWebber's original or amended petition. The sole basis for federal jurisdiction over PaineWebber's petition was diversity of citizenship under 28 U.S.C. § 1332.

PaineWebber also filed a motion in state court to stay the action there pending a ruling by the district court on PaineWebber's petition. The state court did not rule on this motion because the parties submitted an agreement not to proceed with the state court action while the federal petition was pending. Aside from the state court's issuance of a temporary restraining order to preserve evidence, no further proceedings occurred in the state court until after the district court ruled on PaineWebber's petition.

On January 31, 2001, the district court granted Cohen's motion to dismiss PaineWebber's petition for lack of subject matter jurisdiction. The district court determined, pursuant to Rule 19 of the Federal Rules of Civil Procedure, that Wilhelm was a necessary and indispensable party to PaineWebber's petition to compel arbitration. Because Ginsburg was and Wilhelm is a resident of Ohio, and Cohen is deemed to be a citizen of the same state as Ginsburg pursuant to 28 U.S.C. § 1332(c), Wilhelm's presence would defeat complete diversity of citizenship. The district court therefore dismissed the petition.

## II. ANALYSIS

### A. Standards of review

A district court's finding that a party is necessary to an action, so that the party should be joined pursuant to Rule 19(a) of the Federal Rules of Civil Procedure if feasible, will not be set aside unless we find an abuse of discretion. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1346 (6th Cir. 1993). In contrast, a district court's application of Rule 19(b)'s factors to determine whether a necessary party is also indispensable to an action is a legal conclusion to be reviewed de novo. *Id.* Similarly, we review a district court's decision regarding the existence of subject matter jurisdiction de novo. *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

Permitting this suit to continue in both the state and the federal courts could subject the parties to conflicting legal obligations because both courts will likely be asked to make determinations on the validity and interpretation of the same arbitration agreement. This creates a *needless* risk of inconsistent results. As the district court noted, the risk of factual and legal whip-sawing weighs heavily in favor of having one court adjudicate this entire matter.[3]

The majority concludes that this risk of piecemeal litigation resulting from parallel proceedings is a "necessary and inevitable consequence" of the FAA's policy favoring arbitration. This contention is misplaced for several reasons. First, the cases cited, *Moses H. Cone Mem'l Hosp.* and *Distajo*, condone piecemeal litigation where one of the parties to the underlying dispute is not a party to the arbitration agreement. In the instant case, the district court concluded Wilhelm *was* covered by the arbitration clause even though he did not sign it. Cohen raises claims against Wilhelm and PaineWebber alleging substantially the same misconduct, and Wilhelm and PaineWebber's arbitration claims are inextricably linked. In this situation, there is absolutely no need for parallel proceedings.

The other problem with the majority's logic is its assumption that a policy in favor of arbitration under the FAA necessitates a federal forum. Congress did not enact a policy in favor of arbitration *as ordered by federal courts*. As the majority admits in its consideration of the Rule 19(b) alternative fora prong, the state court would be perfectly capable of protecting both PaineWebber and Cohen's rights, adjudicating the dispute, interpreting the arbitration

---

[3] The majority argues that Cohen's position of having to litigate in both state and federal courts is the result of his decision to file suit in state court instead of demanding arbitration. This argument is based on the assumption that arbitration is required in this case. This decision has not been reached by any court and it is not this court's function to decide whether Cohen is bound to arbitrate at this time.

---

### DISSENT

---

BRIGHT, Circuit Judge, dissenting. I dissent. The district court was correct in concluding that Richard Wilhelm is a necessary and indispensable party pursuant to Federal Rule of Civil Procedure 19. Wilhelm's presence destroys diversity jurisdiction, the sole basis for federal jurisdiction over this matter. As a result, this case belongs in the state court.

As the majority acknowledges, the district court properly decided that Wilhelm was a necessary party because he was covered by the arbitration clause in agreements entered into by Ginsburg and PaineWebber.[1] Therefore, Wilhelm could claim an interest in the contract between Ginsburg and PaineWebber. Having resolved that Wilhelm is a necessary party whose presence deprives the federal court of jurisdiction, the majority labors to preserve jurisdiction by concluding erroneously, in my opinion, that Wilhelm is not an indispensable party under Rule 19(b).

The majority minimizes the prejudice Cohen will face if he is forced to litigate this matter in state court against Wilhelm and in the federal court against PaineWebber.[2] Additionally, the majority discounts the prejudice to Wilhelm if he is forced to defend himself in state court without the support of his employer.

---

[1] The majority contends that the agreement's terms "arguably benefit employees like Wilhelm by enabling them to arbitrate complaints." The district court specifically determined that "Wilhelm is covered by the Agreement based on Mr. Barry's affidavit and the language of the Agreement." (J.A. at 100). Neil Barry, Corporate Vice President and Assistant General Counsel at PaineWebber, swore an affidavit explicitly stating that Wilhelm, as an employee of PaineWebber, was covered by the arbitration clause in the agreements.

[2] Litigation in today's world is truly expensive. No litigant should be forced into two forums to resolve a dispute.

### B.   Rule 19 and subject matter jurisdiction

Rule 19 of the Federal Rules of Civil Procedure establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party. *Keweenaw Bay Indian Cmty.*, 11 F.3d at 1345. A court must first determine "whether a person is necessary to the action and should be joined if possible." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999); Fed. R. Civ. P. 19(a). If the party is deemed necessary for the reasons enumerated in Rule 19(a), the court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction. *Keweenaw Bay Indian Cmty.*, 11 F.3d at 1345-46 (describing the second step of the Rule 19 analysis as an inquiry into whether the court has personal jurisdiction over the necessary party); Fed. R. Civ. P. 19(a) (requiring the court to join a necessary party "who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action").

The third step "involves an analysis under Rule 19(b) to 'determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party [being] thus regarded as indispensable.'" *Soberay Mach. & Equip. Co.*, 181 F.3d at 764 (quoting Fed. R. Civ. P. 19(b)). Dismissal should occur only if an indispensable party is not subject to personal jurisdiction or cannot be joined without eliminating the basis for subject matter jurisdiction. *Id.* at 770 (concluding that the district court erred in failing to consider the defendant's motion to dismiss the case under Rule 19, because joining the indispensable party would have eliminated complete diversity). If a necessary party is not deemed indispensable pursuant to Rule 19(b), that potential party need not be joined and the action can proceed with the original litigants.

### 1.   *Whether Wilhelm is a necessary party to the federal proceeding between PaineWebber and Cohen*

The district court based its determination that Wilhelm is a necessary party to the federal proceeding between PaineWebber and Cohen on its finding that Ginsburg's contracts with PaineWebber apply not only to PaineWebber, but also to its employees. In performing its analysis, the district court focused on Rule 19(a)(2)(ii), which provides that a party is necessary if

the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Because the contracts cover both PaineWebber and Wilhelm, the court concluded that Wilhelm is necessary to any proceeding interpreting the arbitration clause in the contracts. The district court believed that this result avoided the possibility of a federal court and a state court reaching opposite conclusions regarding the question of whether the contracts require Cohen to process his claims through arbitration.

Applying an abuse-of-discretion standard, we must affirm the district court's Rule 19(a) analysis unless we are "left with a definite and firm conviction that the trial court committed a clear error of judgment." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998) (internal quotation marks and citation omitted). The language of the contract between Ginsburg and PaineWebber permits a finding that the contract also covers PaineWebber's employees, which would include Wilhelm. Although the contract's terms seem designed primarily to protect the interests of Ginsburg and PaineWebber, they arguably benefit employees like Wilhelm by enabling them to arbitrate complaints that PaineWebber's customers might have against them.

on the day PaineWebber filed its federal petition. *Cf. Romine*, 160 F.3d at 342 (finding that the seventh factor supported abstention where the state court had entered several orders and the parties had begun discovery, whereas the federal action remained in the initial pleading stage as a result of the district court's decision to stay the proceeding before it).

Finally, the eighth factor—the presence of concurrent jurisdiction—only marginally, if at all, favors abstention. Indeed, the preceding discussion of the fifth factor clarifies that the eighth factor is insufficient to justify abstention despite concurrent jurisdiction in state and federal court where a congressional act provides the governing law and expresses a preference for federal litigation. *Compare Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 n. 32 (emphasizing that the FAA "represents federal policy to be vindicated by the federal courts where otherwise appropriate") *with Romine*, 160 F.3d at 342 (concluding that because "the Securities Act of 1933 not only provides that federal securities law actions under the 1933 Act may be brought in state courts, but also bars removal of such actions brought in state court," the eighth factor favored dismissal).

The above analysis demonstrates that only the sixth factor clearly supports abstention. All of the other factors are either neutral or supportive of federal jurisdiction. The fact that the state court will protect PaineWebber's rights under the FAA, moreover, does not provide the "exceptional" circumstances necessary to justify abandoning the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist.*, 424 U.S. at 817, 818. As a result, we conclude that the district court should not abstain from exercising its jurisdiction over PaineWebber's petition.

### III.  CONCLUSION

For all the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

The fifth factor also tilts the balance in favor of jurisdiction, because the FAA provides the source of law for interpreting the arbitration clauses in Ginsburg's contracts. *First Franklin Fin. Corp.*, 144 F.3d at 1365 (determining that where a petition to compel arbitration was brought pursuant to the FAA, the fifth factor supports exercising federal jurisdiction); *Snap-On Tools Corp.,* 18 F.3d at 1266 (concluding that federal law provides the rule of decision where the sole issue is "whether the case should be submitted to arbitration under § 4 of the FAA"). Although this factor is less significant where the state and federal courts have concurrent jurisdiction, *Romine*, 160 F.3d at 342 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25), the Supreme Court has emphasized that "our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25-26 (emphasis in original) (internal quotation marks omitted).

Applying the sixth factor to this case presents the strongest basis for abstaining, because the state court action is adequate to protect PaineWebber's interests. The FAA extends Congress's legislative authority to the maximum extent permitted under the Commerce Clause, and is therefore binding on state courts that interpret contracts involving interstate commerce. *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984) (holding that a California law that conflicted with the FAA violated the Supremacy Clause). PaineWebber's rights under the FAA would thus be protected in the state court proceeding.

The seventh factor, however, once again points toward exercising federal jurisdiction, because the state court action has not progressed to any significant degree. PaineWebber filed its petition to compel arbitration only two days after Cohen filed his state court action, and the state court issued a temporary restraining order to preserve evidence and records

Wilhelm could therefore claim an interest in the contract between Ginsburg and PaineWebber. If a federal court and a state court reached different conclusions regarding whether the arbitration clauses apply to Cohen's claims against PaineWebber and Wilhelm, Cohen would be faced with inconsistent procedural remedies against the alleged joint tortfeasors. We thus conclude that the district court did not abuse its discretion in determining that Wilhelm is a necessary party to this action.

### 2.  *Whether Wilhelm's presence would deprive the court of subject matter jurisdiction*

The sole basis for subject matter jurisdiction in this action is diversity of citizenship under 28 U.S.C. § 1332. Section 1332 confers federal jurisdiction only if complete diversity of citizenship exists, such that no party has the same citizenship as any opposing party. *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). Ginsburg was and Wilhelm is a citizen of Ohio. Cohen is deemed to be a citizen of the same state as Ginsburg for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(2) (providing that for purposes of § 1332, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). Wilhelm's presence in this action would therefore eliminate complete diversity of citizenship. As a result, the district court correctly concluded that joining Wilhelm would deprive the court of subject matter jurisdiction.

### 3.  *Whether Wilhelm is an indispensable party to the federal proceeding between PaineWebber and Cohen*

Rule 19(b) lists four factors that a court must consider in determining whether a necessary party is also indispensable. First, the court must decide the extent to which "a judgment rendered in the person's absence might be prejudicial to the person or those already parties" to the action. Fed. R. Civ. P. 19(b). The second factor requires the court to determine whether and to what extent it might be able to reduce or avoid the prejudice "by protective provisions in the judgment, by

the shaping of relief, or other measures." *Id.* Rule 19(b)'s third consideration is "whether a judgment rendered in the person's absence will be adequate." *Id.* Finally, the court must assess "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Id.*

With regard to the potential prejudice to Wilhelm or Cohen if this action proceeds without Wilhelm, Cohen focuses on the potentially inconsistent legal obligations that might result from conflicting interpretations of the arbitration clauses by state and federal courts. Cohen also opposes the possibility of being involved with proceedings in both federal and state court because of the duplicate efforts and the risk of conflicting and inconsistent schedules, arbitration awards, discovery processes, and legal doctrines. Although we acknowledge the seriousness of Cohen's concerns, his characterization of the risks fails to take into account several important factors. These considerations indicate that the potential prejudice to Cohen or Wilhelm if this action proceeds without Wilhelm is minimal.

As an initial matter, the possibility of having to proceed simultaneously in both state and federal court is a direct result of Cohen's decision to file a suit naming PaineWebber and Wilhelm in state court rather than to demand arbitration under the Master Account Agreement. Cohen's status as the state court plaintiff and Wilhelm's position as a defendant in the state court action are of crucial significance in this regard. *Compare Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 453 & n.3 (7th Cir. 1977) (holding that the absent party was not indispensable, and noting that no named party faced a significant risk of additional litigation brought by the absent party because the absent party was a defendant rather than a plaintiff in the pending state court action) *with Ranger Fuel Corp. v. Youghiogheny & Ohio Coal Co.*, 677 F.2d 378, 380-81 (4th Cir. 1982) (holding that an absent party whose presence would destroy complete diversity was indispensable where the plaintiff filed a petition to compel arbitration in federal court after two parties, only one of

avoid litigating a single issue in multiple forums is insufficient to overcome the strong federal policy supporting arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 20 (noting that "the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement") (emphasis in original); *First Franklin Fin. Corp. v. McCollum*, 144 F.3d 1362, 1364 (11th Cir. 1998) (determining that, in the context of a petition to compel arbitration under the FAA, "the potential for piecemeal litigation . . . has 'no force'") (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 19); *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1265-66 (5th Cir. 1994) (same).

With regard to the fourth factor, the state court obtained jurisdiction of the action only two days before PaineWebber filed its petition in federal court to compel arbitration. This minimal temporal delay is insignificant. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21 (noting that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions," and finding that a 19-day difference between the filings of the state court and federal court actions was immaterial given the absence of progress in the state court action and the substantial proceedings that had occurred in the federal court action).

Indeed, prior to being served with Cohen's state court complaint, PaineWebber lacked any reason to file its petition, because it had no knowledge of a dispute between itself and Cohen. *See id.* (determining that the 19-day lapse was understandable because the federal court plaintiff did not learn of the state court plaintiff's refusal to arbitrate the dispute until the day before the state action was filed); *First Franklin Fin. Corp.*, 144 F.3d at 1364-65 (deciding that the order in which jurisdiction was obtained weighed against dismissal, even though the state court action was filed three weeks before the federal court action, because the federal court petitioner acted promptly once it learned that the state court plaintiff would not arbitrate the dispute).

relative progress of the state and federal proceedings; and
(8) the presence or absence of concurrent jurisdiction.

*Id.* (citations omitted).  When considering these factors, we recognize that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

The first factor supports federal jurisdiction because the state court did not assume jurisdiction over any res or property. *Romine*, 160 F.3d at 341 (noting that where no property is at issue, the first factor is inapposite and supports exercising jurisdiction).  With regard to the second factor, Cohen contends that the federal forum is less convenient because the state court can exercise jurisdiction over all the parties and can resolve every issue in a single proceeding. This argument is misplaced, however, because the second factor relates to geographical considerations, not to the relative jurisdictional scope of state versus federal courts. *Compare Colorado River Water Conservation Dist.*, 424 U.S. at 820 (noting that "the 300-mile distance between the District Court in Denver and the [relevant state court]" is a significant factor supporting abstention) *with Romine*, 160 F.3d at 341 (concluding that "we cannot find that the federal forum in this case is any less convenient than the state forum, since both actions are pending in courthouses in the same city"). Because both the state courthouse and the federal courthouse in question are located in Cincinnati, Ohio, the second factor counsels against federal abstention. *Romine*, 160 F.3d at 341 (concluding that the second factor supports jurisdiction where the courthouses in which the state and federal actions are pending are both located in the same city).

The third factor, contrary to Cohen's argument, provides little support for declining to exercise federal jurisdiction. For the same reasons that the threat of piecemeal litigation does not make Wilhelm an indispensable party, the desire to

---

which was named in the federal court petition, had initiated a state court action against the federal court plaintiff).

*Bio-Analytical Services*, like the present case, presented a situation where the plaintiff, Bio-Analytical Services, sought an order from the federal court to compel arbitration of claims that the defendant, Edgewater Hospital, brought against it and a non-diverse party, Dr. Mark, in state court. *Bio-Analytical Servs., Inc.*, 565 F.2d at 451-52.  In determining that the absence of Dr. Mark would not be prejudicial to either the parties or Dr. Mark, the court explained that Edgewater's concern with repetitious lawsuits was solely the result of its state court lawsuit. *Id.* at 453 & n.3.  The same conclusion applies to Cohen's argument that proceeding without Wilhelm might force him to be a party to two proceedings rather than only one.  Furthermore, although Dr. Mark was potentially liable to Edgewater, Edgewater was not subject to any liability to Dr. Mark. *Id.* at 453.  Cohen similarly faces no possible liability to Wilhelm, even though Wilhelm might be liable to Cohen.

Even if the parallel proceedings were not the result of Cohen's pending state court action, the possibility of piecemeal litigation is a necessary and inevitable consequence of the FAA's policy that strongly favors arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 20 (1983) (noting that the possibility of the plaintiff having to resolve its disputes in two forums—one in state court and one in arbitration—where one of the parties to the underlying dispute was not a party to the arbitration agreement, "occurs because the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement") (emphasis in original); *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 446 (2d Cir. 1995) (concluding that the FAA's "strong bias in favor of arbitration" overcomes any possible prejudice due to piecemeal litigation caused by the absence of certain parties to the arbitration agreement).

The fact that the arbitration clauses in Ginsburg's contracts with PaineWebber also apply to Wilhelm does not alter our

analysis. *See Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1265-67 (5th Cir. 1994) (rejecting the defendants' contention that the plaintiff's employees were indispensable parties to the petition to compel arbitration of the defendants' state law claims against the plaintiff where the employees, who were named as parties in the defendants' state court lawsuit, might be covered by an arbitration agreement between the defendant and the plaintiff).

Equally important, Cohen's fear that the federal and state courts will reach conflicting interpretations of the arbitration clauses does not present the degree of prejudice necessary to support a conclusion that Wilhelm is an indispensable party. *Bio-Analytical Servs., Inc.*, 565 F.2d at 453 & n.3 (refusing to consider the absent party indispensable where "the only danger is inconsistent judgments on the arbitration issue" in the state and federal court proceedings). This possibility exists because Cohen chose to name both PaineWebber and Wilhelm as defendants in the state court action. Although such a decision ordinarily would preclude federal adjudication of a case, because removal pursuant to 28 U.S.C. § 1441 would not be possible, the FAA allows any party to an arbitration agreement to file a petition to compel arbitration. 9 U.S.C. § 4. As a result, Cohen's argument that PaineWebber is engaging in impermissible forum shopping is not persuasive.

Cohen's real goal appears to be the avoidance of arbitration on any portion of his dispute. Determining whether the dispute is subject to arbitration, however, is a matter of contract interpretation for which Wilhelm's presence and input is not necessary. Analyzed in this manner, the prejudice that Cohen perceives has nothing to do with Wilhelm's absence from PaineWebber's petition to compel arbitration. Cohen's allegation that PaineWebber's federal petition constitutes forum shopping and allows PaineWebber to accomplish what the federal removal statute prohibits, moreover, presents only one side of an argument that both parties can make. Just as Cohen accuses PaineWebber of forum shopping, it is possible to view Cohen's naming of

interest of judicial economy and is proper because additional factual development is not necessary to determine whether the district court should retain jurisdiction over this case. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1172-73 (6th Cir. 1983) (deciding, in the interest of judicial efficiency, to address the merits of arguments for which no additional factual development was necessary, and where the district court did not consider the issues because it erroneously held that it lacked jurisdiction).

"Abstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Conservation Dist.*, 424 U.S. at 813, because federal courts have "a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15 (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 817). In certain "exceptional" circumstances, however, a federal district court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist.*, 424 U.S. at 817 (internal quotation marks and citation omitted).

The Supreme Court has identified eight factors, four in *Colorado River* and four in subsequent decisions, that a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (collecting cases and factors). These considerations are:

(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the

A major policy consideration also weighs against the conclusion that Wilhelm is an indispensable party. Any ruling to the contrary would virtually eliminate the availability of federal courts to enforce arbitration clauses in diversity cases by the simple expedient of one of the parties filing a preemptive suit in state court with at least one non-diverse defendant. As the Court of Appeals for the Second Circuit explained,

> the FAA would be fatally undermined if "the parties" described in [9 U.S.C.] § 4 could be expanded to include persons who had not signed the arbitration clause but who allegedly were involved in the "underlying controversy." If such a rule were adopted, a party resisting arbitration could defeat federal jurisdiction simply by suing someone from the same state, plus the party seeking to compel arbitration, in a separate state lawsuit. Diversity would be destroyed simply by claiming that the local defendants in the parallel action were "indispensable parties" to the petition to compel.

*Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995).

For the foregoing reasons, we conclude that Wilhelm is not an indispensable party to PaineWebber's petition to compel arbitration. The district court therefore erred in dismissing the action.

## C.   Abstention

The district court did not determine whether abstention was proper under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983), because it concluded that the court lacked subject matter jurisdiction over PaineWebber's petition to compel arbitration. On appeal, Cohen once again presents his alternative argument that abstention is appropriate in the present case. Deciding this issue on appeal, rather than remanding the case for the district court's analysis, serves the

Wilhelm in the state court action as a strategy solely designed to preclude PaineWebber from removing the action to federal court. Thus, Cohen's forum-shopping accusation against PaineWebber not only ignores what may have motivated his own actions, but also fails to recognize that the FAA allows PaineWebber's petition and that the federal courts have "a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

The application of Rule 19 to cases involving joint tortfeasors, moreover, presents a useful analogy involving principles that are relevant to the present case. Specifically, a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party. *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (per curiam) (noting that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit"); *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999) (concluding that a state court complaint identifying the defendants as joint tortfeasors and coconspirators does not make the absent party indispensable).

Although Cohen does not explicitly argue that the status of PaineWebber and Wilhelm as joint tortfeasors makes Wilhelm an indispensable party, the multiple proceedings and inconsistent results in state and federal court that he seeks to avoid can occur whenever joint tortfeasors are not parties to the same lawsuit. This form of prejudice, however, does not require a finding that joint tortfeasors are necessary or indispensable parties. *Temple*, 498 U.S. at 8 (holding that joint tortfeasors were simply permissive parties to an action against one of them); Fed. R. Civ. P. 19 advisory committee notes (clarifying that, under Rule 19(a), "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability"). For the same reason, the potential prejudice that Cohen fears does not provide a basis for concluding that Wilhelm is an indispensable party.

Furthermore, Cohen's reliance on *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435 (4th Cir. 1999), to support his position that Wilhelm is an indispensable party, is misplaced. Unlike the present case, where one of two state court defendants has filed a petition to compel arbitration in federal court against the only state court plaintiff, the plaintiff in *Owens-Illinois* filed a petition to compel arbitration in federal court against a select group of the state court plaintiffs who had brought lawsuits to recover for their asbestos-related injuries. *Id.* at 438-39. The petition to compel arbitration did not name as defendants the state court plaintiffs who would destroy complete diversity. *Id.* at 439. Applying Rule 19(b), the court held that the absent, non-diverse parties were necessary and indispensable because a significant risk of inconsistent judgments existed, because the district court was unable to craft a remedy to reduce or avoid the potential for prejudice, and because an alternative forum was available in state court that could provide an adequate remedy to all parties. *Id.* at 441-42. With regard to the potential prejudice, the court emphasized "the high potential for factual and legal whipsawing" created by the fact that the non-diverse state court plaintiffs who were excluded from the federal action and the diverse state court plaintiffs who were named in the federal petition to compel arbitration might face different legal rights and obligations. *Id.*

The present case is distinguishable from *Owens-Illinois*, primarily because Cohen, the sole plaintiff in the state court action, is a named party in both the state and federal lawsuits. The only reason that he might face inconsistent judgments is that he seeks to hold PaineWebber and Wilhelm jointly and severally liable. As explained previously, Rule 19 was not designed to eliminate this possibility.

The preceding analysis shows that the prejudice identified by Cohen as the basis for determining whether Wilhelm is an indispensable party is minimal, if it exists at all. Rule 19(b)'s first factor, therefore, does not weigh in favor of dismissing the action. In addition, the second factor of the Rule 19(b) analysis—the extent to which any prejudice can be reduced or

eliminated "by protective provisions in the judgment, by the shaping of relief or other measures"—becomes less important because of the small degree of potential prejudice that would occur if this action proceeds without Wilhelm.

With regard to Rule 19(b)'s third factor, a judgment rendered in Wilhelm's absence "will be adequate." Although Cohen would obviously prefer to litigate all of his claims against PaineWebber and Wilhelm in state court, the contractual language might instead obligate him to utilize an arbitral forum. Having to submit claims to arbitration in accordance with a valid arbitration clause, however, does not raise concerns about the adequacy of a judgment. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (noting that the FAA creates "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary," and that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability"). Moreover, the previous analysis indicates that the possibility of Cohen having to arbitrate his claims against PaineWebber while proceeding with his claims against Wilhelm in state court does not render a judgment between Cohen and PaineWebber inadequate.

The final factor under Rule 19(b), contrary to the first three, favors dismissal, because the state court presents an alternative forum in which Cohen can bring his claims against both PaineWebber and Wilhelm. However, "the potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice." *Local 670, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 822 F.2d 613, 622 (6th Cir. 1987) (holding that the union was not an indispensable party where only the fourth Rule 19(b) factor favored dismissal).