**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,**
a New York corporation, Plaintiff,

v.

**BANK ONE–DEARBORN, N.A., a**
**Delaware corporation, Defendant**
**/ Third Party Plaintiff,**

v.

**Federal Reserve Bank of Chicago,**
**Third Party Defendant.**

No. CIV. 04–74240.

United States District Court,
E.D. Michigan,
Southern Division.

May 5, 2005.

Christopher A. Cornwall, Elizabeth L. Sokol, Jeffrey M. Sangster, Kotz, Sangster, Detroit, MI, for Plaintiff.

Bruce N. Elliott, Joy M. Glovick, Conlin, McKenney, Ann Arbor, MI, for Third Party Defendant.

D. Lee Khachaturian, Francis R. Ortiz, Dickinson Wright, Detroit, MI, for Defendant/Third Party Plaintiff.

**OPINION AND ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION FOR DISMISSAL/TRANSFER BECAUSE OF FAILURE TO JOIN INDISPENSABLE PARTY**

FEIKENS, District Judge.

This is a cause of action regarding a check which was fraudulently endorsed and then passed through the hands of many different banks. Plaintiff, American Express Travel Related Services Co., Inc. ("AMEX"), the drawer of a check, brings this cause of action against Defendant (Third Party Plaintiff), Bank One—Dearborn, N.A. ("Bank One"). Plaintiff seeks to recover funds drawn against Plaintiff's account at Defendant's bank which were paid on the check which allegedly bears a forged endorsement.

Plaintiff AMEX brings this action under Michigan law's governing when a bank may charge against a customer's account. M.C.L.A. § 440.4401. Defendant Bank One also brings a claim against Third Party De-fendant, Federal Reserve Bank of Chicago (the "Chicago Fed"), because of Third Party Defendant's action in presenting the check to Defendant Bank One for collection. Defendant Bank One alleges that Third Party Defendant Chicago Fed has breached its warranty of presentment under Michigan's Uniform Commercial Code and 12 C.F.R. § 210.6. Third Party Defendant Chicago Fed moves to dismiss or transfer this case to Florida because of: (i) failure to join an indispensable party pursuant to Fed.R.Civ.P. 19(a)(2)(i); (ii) forum non conveniens; and (iii) improper venue.

For the reasons below, I GRANT Third Party Defendant Chicago Fed's motion to dismiss this case without prejudice for failure to join an indispensable party.

**I. FACTUAL BACKGROUND**

On December 24, 2002, Plaintiff AMEX drew check number 82057874 (the "Check") in the amount of $455,416.69 payable to TI Paperco, Inc.. (Def.'s Ans. ¶ 6.) The Check was drawn against funds that Plaintiff AMEX held on deposit at Defendant Bank One in account number 250466. (Pl.'s Compl. ¶ 4.)

Someone using the name "Colin Jones" endorsed the Check, fraudulently acting as TI Paperco, Inc.'s agent. Id. ¶¶ 10–12. "Colin Jones" then deposited the Check in Panama. (Def.'s Compl. ¶ 5.) The Check was then forwarded to Plus International Bank ("Plus") for collection. Plus then sent the Check to the Miami Branch of the Federal Reserve Bank of Atlanta who transferred it to the Detroit Branch of the Chicago Fed. Id. ¶ 5. Third Party Defendant Chicago Fed than presented the Check to Defendant Bank One for collection. Defendant Bank One then drew against funds held in Plaintiff AMEX's account at Defendant Bank One. Id. ¶ 6. Defendant Bank One subsequently debited Plaintiff AMEX's account number 250466 in the that amount. (Pl.'s Compl. ¶ 9.)

Plaintiff AMEX advised Defendant Bank One of the forged endorsement on the Check, and completed all of Bank One's forms for a fraud investigation. Id. ¶ 12. Defendant Bank One has not refunded any of the funds to Plaintiff AMEX. Id. ¶ 12.

Defendant Bank One has filed a Third Party Complaint against the Chicago Fed for breach of its warranty of presentment. (Def.'s Compl. ¶ 12.)

## II. ANALYSIS

### A. Motion to Dismiss Pursuant to Fed. R.Civ.P. 19

Third Party Defendant Chicago Fed, argues that Plus is an indispensable party and therefore Plaintiff AMEX's failure to join Plus as a party to this action requires that this Court dismiss the action pursuant to Fed.R.Civ.P. 19(a). (Third Party Def.'s Br. at 3.)

The Sixth Circuit teaches that Fed. R.Civ.P. 19(a) sets forth a three-step procedure for a court to determine whether a case should proceed in the absence of a particular party. First, a court should decide whether a party "'is necessary to the action and should be joined if possible.'" *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001); quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763–4 (6th Cir.1999). A court should proceed to the second step if it finds that a party is a necessary party. *PaineWebber, Inc.*, 276 F.3d at 200. The second step requires the court to determine whether the party "is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *Id.* at 200. Third, the court should decide "'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed[.]'" *PaineWebber, Inc.*, 276 F.3d at 200; quoting *Soberay Mach. & Equip. Co.*, 181 F.3d at 764.

### 1. Whether Plus is a Necessary Party to this Action

Plaintiff AMEX and Defendant Bank One both argue that Plus is not a necessary party to this action. Plaintiff AMEX and Third Party Defendant Chicago Fed argue over the scope of "the subject of the action" and therefore they reach different conclusions as to whether Plus is a necessary party. Third Party Defendant Chicago Fed argues that this Court should join Plus in this action as a necessary party because Plus is the first bank that received the Check for deposit in the U.S. (Third Party Def.'s Br. at 4.) Third Party Defendant Chicago Fed construes the scope of the action as including Defendant Bank One's claim against the Chicago Fed, and that Plus will ultimately be liable to the Chicago Fed. *Id.* at 4. However, Plaintiff AMEX claims that Defendant Bank One's claim against the Third Party Defendant Chicago Fed is a "separate and distinct issue from Bank One's liability to [AMEX]" and therefore, Plus is not a necessary party. (Pl.'s Resp. at 6.)

■ Fed.R.Civ.P. 19(a) has sweeping language which encompasses both of these claims. To determine whether a party is indispensable a court should consider that party's interest in the "subject of the action." Fed.R.Civ.P. 19(a). The drafters of this section did not limit a court's review to those interests arising out of only the claim between the original plaintiff and defendant. Therefore, I hold that the "the subject of the action" should be broadly construed so as to include both Plaintiff AMEX's claim against Defendant Bank One as well as Defendant Bank One's claim against Third Party Defendant Chicago Fed.

■ If Third Party Defendant Chicago Fed is found liable for breach of various representations and warranties regarding the Check, Plus could bear ultimate responsibility for the Chicago Fed's loss. (Third Party Def.'s Br. at 4; Pl.'s Resp. at 7.) In other words, the outcome of the litigation between Defendant Bank One, and Third Party Defendant Chicago Fed, will have obvious ramifications for Plus.[1] Additionally, Plus has an

---

1. Plaintiff AMEX cites the unpublished case *Wachovia Bank & Trust Co. N.A. v. Bankers Trust Co.*, 1994 WL 75032 (S.D.N.Y. Mar. 4, 1994), to support its argument. In that case the court found that complete relief could be granted without joining the additional parties. *Id.* at *4. However, that case has no bearing on the issue at hand as that defendant alleged that that plaintiff failed to join the drawer of the check. *Id.* at

*5. That court concluded that "the presentment warranty at issue only involves the payor and collecting banks[.]" *Id.* at *4. Contrary to supporting Plaintiff AMEX's position, this case actually supports Third Party Defendant Chicago Fed's argument that Plus, a collecting bank, is a necessary party in the case before this Court where Defendant Bank One has raised a claim based on a presentment warranty.

interest in raising its defenses from liability in this action before the outcome of this action is concluded. (Third Party Def.'s Br. at 4.)

Defendant Bank One also argues that Plus is not a necessary party to this action. Defendant Bank One states that Plus can protect its interest through its defense of Third Party Defendant Chicago Fed. (Def.'s Resp. at 4.) However, there is no evidence that Plus' defense of the Chicago Fed will adequately protect Plus' own individual interests. Defendant Bank One also contends that when Plus declined Defendant Bank One's invitation to defend and indemnify Defendant Plus acted contrary to its claim that Plus faces liability. *Id.* at 5. Defendant Bank One's contention is ridiculous as it ignores the general proposition that a party, even one who realizes that it may be partially responsible for another's loss, may wish to craft an argument to minimize its liability. Therefore, I hold that Plus is a necessary party to this action.

**2. Whether Plus' Presence Would Deprive this Court of Subject Matter / Personal Jurisdiction**

*a. Subject Matter Jurisdiction*

■ Plus is a necessary party to this case, so I now determine whether Plus can be joined without eliminating the basis for subject matter jurisdiction and whether Plus is subject to personal jurisdiction. *Paine-Webber, Inc.,* 276 F.3d at 200. This Court has subject matter jurisdiction over these parties pursuant to this Court's diversity jurisdiction (28 U.S.C. § 1332) and 12 U.S.C. § 632.

This Court's diversity jurisdiction grants original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00 and the dispute is between citizens of different states. *Id.* The amount in controversy, $455,416.69, exceeds the threshold $75,000.00. Additionally, the parties are "citizens of different states." Plaintiff AMEX, is a New York corporation, which conducts business in Michigan. (Pl.'s Compl. ¶ 1.) Defendant Bank One, is a Delaware corporation, which conducts business in Michigan. *Id.* at ¶ 2. Given that Plaintiff AMEX, Defendant Bank One and Plus are citizens of different states, Plus' presence would not

eliminate complete diversity. *Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). Additionally, the parties agree that Plus' presence would not destroy this Court's subject matter jurisdiction based on diversity. (Third Party Def.'s Br. at 8; Pl.'s Resp. at 8–9.)

Moreover, this Court has subject matter jurisdiction over Defendant Bank One's claim against Third Party Defendant Chicago Fed pursuant to 12 U.S.C. § 632. That section creates federal jurisdiction over "all suits of a civil nature at common law or in equity to which any Federal Reserve Bank shall be a party." 12 U.S.C. § 632. "Section 632 creates federal subject matter jurisdiction over *all* civil actions to which a Federal Reserve Bank is a party, and does *not* exclude civil actions based solely on state statute." *Fed. Reserve Bank of Atlanta v. Thomas,* 220 F.3d 1235, 1244 (11th Cir.2000). Defendant Bank One brings a claim for breach of warranty of presentment against Third Party Defendant Chicago Fed. (Def.'s Compl. ¶ 9.) This claim is a civil action based on both 12 C.F.R. § 210.6 and Michigan's Uniform Commercial Code. *Id.* ¶ 9. Therefore, I hold that this Court has subject matter jurisdiction over Defendant Bank One's claim.

*b. Personal Jurisdiction*

■ This Court lacks personal jurisdiction over Plus. Plaintiff AMEX and Third Party Defendant Chicago Fed dispute whether Michigan's long arm statute confers limited personal jurisdiction over Plus. A federal district court may exercise personal jurisdiction over a defendant if such jurisdiction is (1) authorized by the law of the state in which it sits, and (2) satisfies the requirements of the Due Process Clause of the Fourteenth Amendment. *Neogen v. Neo Gen Screening,* 282 F.3d 883, 887 (6th Cir.2002); citing *Reynolds v. Int'l Amateur Athletic Fed'n,* 23 F.3d 1110, 1115 (6th Cir.1994). Michigan's long-arm statute authorizes the exercise of limited jurisdiction over a nonresident corporation for claims arising from a corporation's contacts with Michigan, including "[t]he transaction of any business within the state." M.C.L. § 600.715.

Plaintiff AMEX argues that Plus' sending the Check through the Federal Reserve System and eventually to Michigan constituted a "transaction of any business within the state." (Pl.'s Br. at 10.) AMEX claims that because Plus accepted the Check, which was drawn on a Michigan bank, Plus made a decision to engage in business within the state of Michigan. (Pl.'s Br. at 10.) Plaintiff's argument is unconvincing. Plaintiff AMEX relies on *Williams v. Garcia*, 569 F.Supp. 1452 (E.D.Mich.1983), for the proposition that a Michigan court may have personal jurisdiction over a defendant based on a single act. (Pl.'s Br. at 9.) However, in *Williams*, another case before the Eastern District, Judge Freeman found that the defendant's phone calls from Michigan were not a substantial enough connection with Michigan to conclude that it would be reasonable to assert personal jurisdiction over the out of state defendants. *Williams*, 569 F.Supp. at 1457.

Plaintiff AMEX also cites *Microelectronic Sys. Corp. of Am. v. Bamberger's*, 434 F.Supp. 168 (E.D.Mich.1977), to demonstrate that a defendant's single purchase of goods from Michigan by mail order was sufficient to satisfy both M.C.L. 600.715(1) and federal due process concerns. (Pl.'s Br. at 9.) However, in that case this Court stated that it had jurisdiction over the defendant because the defendant "purposely availed itself of the privilege of acting in Michigan when it entered into a contract with a Michigan corporation at least a part of which was to be performed in Michigan." 434 F.Supp. at 171. In the case at hand, Plus did not enter into a contract with Plaintiff AMEX, nor did Plus even send anything into Michigan. After receiving the Check Plus sent the Check to the Miami Branch of the Federal Reserve Bank of Atlanta. (Def.'s Compl. ¶ 5.)

Third Party Defendant Chicago Fed also notes that the above cases were decided before the U.S. Supreme Court's ruling in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In that case, the Supreme Court stated that a party must purposefully avail itself of the "privilege of conducting activities" in a forum state to establish the sufficient minimum contacts which would permit that state to exercise jurisdiction over that party. *Burger*

*King Corp.* 471 U.S. at 473–6, 105 S.Ct. 2174. Plus, however, having only sent the Check through the Federal Reserve System, did not create a "substantial connection" with the State of Michigan. *Id.* at 475, 105 S.Ct. 2174.

Therefore, although this Court has subject matter jurisdiction over Plus, I hold that Michigan's long-arm statute does not permit this Court to exercise limited personal jurisdiction over Plus.

### 3. Whether Plus is an Indispensable Party

■ Having concluded that this Court does not have personal jurisdiction over Plus, I now turn to the third prong of the test to determine if this case should proceed in Plus' absence. I decide whether in equity and good conscience this action should proceed or be dismissed. *PaineWebber, Inc.*, 276 F.3d at 200. The Sixth Circuit stated that I should consider the four factors listed in Fed.R.Civ.P. 19(b) in making this determination. *Id.* at 202. These factors include:

> [F]irst, to what extent a judgment rendered in [Plus'] absence might be prejudicial to [Plus] or those already parties; second, the extent to which, by protective provisions in the judgment [ . . . ] the prejudice can be lessened or avoided; third, whether a judgment rendered in [Plus'] absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

The parties disagree as to the scope of a potential judgment, and consequently, the parties come to different conclusions as to whether a judgment rendered in Plus' absence might be prejudicial to Plus. Plaintiff AMEX and Defendant Bank One construe the potential judgment as affecting only the claim between Plaintiff AMEX and Defendant Bank One and they conclude that the action would not prejudice Plus due to Plus' absence. (Pl.'s Br. at 11; Def.'s Resp. at 6–7.) However, that interpretation fails to consider that any judgment would also decide Defendant Bank One's warranty of presentment claim against Third Party Defendant Chicago Fed and therefore affect Plus who, as stated above, could bear ultimate responsibility for Third Party Defendant Chicago

Fed's loss. (Third Party Def.'s Br. at 4; Pl.'s Resp. at 7.)

Plaintiff AMEX and Defendant Bank One also claim that Plus faces no liability under Defendant Bank One's presentment of warranty claim, because no claim has been filed against Plus. (Pl.'s Br. at 12; Def.'s Resp. at 7.) Plaintiff AMEX states that Plus would only be adversely affected in this action if it failed to defend Third Party Defendant Chicago Fed pursuant to 12 C.F.R. 210. *Id.* at 12. However, Plaintiff AMEX's contention is self-defeating. The parties must recognize that Plus does face liability, even if it has not been named as a party to this suit, to conclude that Plus must defend Third Party Defendant Chicago Fed to avoid any liability.

12 C.F.R. 210(a)(5)(i) places an obligation on the sender, Plus, to indemnify the Federal Reserve Bank for any loss or expense sustained resulting from the sender's lack of authority to make the warranty that the sender is authorized to handle the item. Furthermore, 12 C.F.R. 210(b)-(d) permits Third Party Defendant Chicago Fed to recover from Plus for an action based on any warranty made by the Chicago Fed under 12 C.F.R. 210.6(b), 12 C.F.R. 229, or the U.C.C. Because these sections permit Third Party Defendant Chicago Fed to pass liability along to Plus, Plus will be prejudiced if it is not joined in this cause of action. Any prejudice to Plaintiff AMEX that would be caused by dismissing this case may be lessened by permitting Plaintiff to file his case in another venue in which Plus may be joined.

Third Party Defendant Chicago Fed suggests that a more appropriate venue is the Southern District of Florida. (Third Party Def.'s Br. at 12.) The Chicago Fed claims venue is more appropriate because Plaintiff AMEX, Defendant Bank One, Third Party Defendant Chicago Fed and Plus have offices in Florida. *Id.* at 12. However, Defendant Bank One argues that Florida courts do not have personal jurisdiction over Bank One. (Def.'s Resp. at 9–11.) The Eleventh Circuit Court of Appeals has held that a forum state has personal jurisdiction over a party where its parent corporation, which is a resident of the forum state, acts on behalf of a related affiliate. *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1273 (11th Cir.2002).

Here Defendant Bank One's parent corporation conducts regular business within Florida. (Third Party Def.'s Reply to Bank One at Ex. 1 (Regulatory Report) at 1.) It is also clear that the parent corporation is already involved in this case as its attorney has been communicating with Third Party Defendant Chicago Fed since November 19, 2003 regarding this case. (Third Party Def.'s Br. at Ex. 4 (Bank One's 11/19/03 letter) at 1.) Furthermore, under U.S. statute "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. I hold that Florida courts do have personal jurisdiction over Defendant Bank One. Therefore, Plaintiff AMEX will have an adequate remedy by refiling its case in the Southern District of Florida.

Thus, I GRANT Third Party Defendant Chicago Fed's motion for dismissal of Plaintiff AMEX's action without prejudice for failure to join an indispensable party.

## III. CONCLUSION

For the reasons stated above, I GRANT Third Party Defendant Chicago Fed's motion for dismissal for failure to join an indispensable party, and grant that dismissal without prejudice.[2]

**IT IS SO ORDERED.**

---

2. No hearing has been held on this matter, I decide this motion based on information in the parties' briefs which are adequate for making this determination.