**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 20a0002n.06

Case No. 19-5578

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jan 06, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| SCOTT HENSLEY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TIMOTHY CONNER; DEBRA CONNER, et al. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
|    Defendants, | ) | |
| | ) | |
| LAWRENCE SLATTERY; KATHY SLATTERY, | ) | |
| | ) | |
|    Defendants - Appellants, | ) | |
| | ) | |
| ED HOUSLEY; SHERRI HOUSLEY, | ) | |
| | ) | |
|    Counter-Plaintiffs/Cross-Plaintiffs/Third-Party Plaintiffs | ) | |
| | ) | |
| ELMER SEATON; BEVERLY SEATON, et al., | ) | |
| | ) | |
|    Third-Party Defendants, | ) | |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
|    Third-Party Defendant - Appellee. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; COOK and THAPAR, Circuit Judges.

COOK, Circuit Judge. Finding itself embroiled in litigation about a disputed neighborhood easement, the Tennessee Valley Authority moved to dismiss on grounds that no party sought relief

from it specifically. The district court granted the motion. Some neighbors appeal that decision, arguing that this suit requires TVA's participation. We disagree and affirm.

**I.**

TVA—a public corporation of the United States—manages a vast reservoir system across seven states. That responsibility includes raising and lowering reservoir water levels for power generation and flood control. To that end, TVA sometimes floods privately owned land around reservoirs in raising water levels. TVA's right to flood that land stems from so-called "flowage easements."

In 1943, TVA created the Douglas Lake reservoir in eastern Tennessee. Lawrence and Kathy Slattery own a parcel of land along the lake. Scott Hensley owns a nearby parcel that lacks public road access. Seeking an easement over his neighbors' land, Hensley sued the Slatterys and other neighbors in state court. The Slatterys moved to dismiss the complaint, arguing that Hensley failed to join an indispensable party—TVA. The state court issued an order finding the Slatterys' motion "well-taken" and requiring any party "seeking an easement to cross the lands of the Slatterys [to] join" TVA to the action. At the same time, the state court noted that "notwithstanding the foregoing, any party . . . not seeking to cross any lands subject to the TVA's flowage easement shall not be required to make TVA a party[.]" Interpreting this order as a requirement to add TVA, Hensley filed an amended complaint naming TVA as a party.[1] Hensley noted in the text of the complaint, however, that TVA "is not made a party, and is not a necessary party, to these proceedings . . . ." He also acknowledged that he "does not seek any relief from TVA," he "does

---

[1] Confusingly, Hensley added TVA as a "third-party defendant" absent any claim for indemnity or contribution against TVA. Adding to the confusion, the parties generally refer to TVA as a defendant throughout their appellate briefing. Our analysis bypasses this oddity.

not seek to affect or change any rights possessed by [TVA]," and that his easement would become subject to TVA's flooding rights even if it crossed a flowage easement.

After removing the case to federal court, TVA moved to dismiss under Rule 12(b)(6). Hensley did not oppose the motion, but the Slatterys did, arguing that the yet-to-be determined path of Hensley's easement would intersect TVA's flowage easement. The district court responded by holding that (1) the Slatterys lacked standing to oppose TVA's dismissal, (2) no party sought relief from TVA, and (3) the suit did not require TVA's involvement. The court granted the motion, dismissing TVA with prejudice and remanding the case to state court. This appeal by the Slatterys followed.

## II.

We give fresh review to the district court's grant of a motion to dismiss for failure to state a claim. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). We review the district court's decision as to a required party for an abuse of discretion. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001).

### A. Jurisdiction

TVA argues that we lack subject matter jurisdiction in the absence of the Slatterys establishing Article III standing. But TVA's arguments about standing confuse the concept of Article III case-or-controversy standing with the question of whether the Slatterys have the non-constitutional "standing" to contest TVA's dismissal. Article III standing refers to the constitutional requirement that a federal-court plaintiff show an injury-in-fact, caused by the defendant, and redressable by the court. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The Slatterys need not establish Article III standing to defend this suit. Nor do

they need to show—as TVA argues—Article III standing against third-party defendant TVA. We discern no defect in our jurisdiction.

**B. First-Party Defendant's Standing to Oppose a Third-Party Defendant's Dismissal**

Absent crossclaims between the parties, can a first-party defendant oppose a third-party defendant's motion for dismissal after the plaintiff concedes that he has no viable claims against the third-party defendant? That unusual question (and related ancillary questions) occupies most of the parties' briefing. In spare analysis, the district court answered in the negative, *i.e.*, the Slatterys could not oppose TVA's dismissal. Arguing that TVA is a required party under Rule 19 and that the court cannot afford complete relief in TVA's absence, the Slatterys contend that they properly opposed TVA's dismissal.

Unsurprisingly, we unearthed no precedent squarely addressing this niche posture, nor do the parties direct us to any. But we need not chart new territory; even if the district court erred here, the court's two alternative grounds for dismissal amply support affirming.

**C. Failure to State a Claim**

The Slatterys argue that the district court erred in dismissing TVA under Rule 12(b)(6) because Hensley *does* state a claim against TVA. Observing that Hensley seeks a declaratory judgment for an easement over the defendants' land, the Slatterys contend that Hensley thus seeks declaratory relief from TVA because TVA has a flowage easement on the Slatterys' land and the Slatterys are two of the defendants here. But as the Slatterys themselves admit, the location of Hensley's easement remains undetermined. And accepting Hensley's allegations as true—as we must—neither of his two proposed easement routes would cross TVA's flowage easement. As things now stand, no party seeks relief from TVA, and consequently the district court correctly determined that no party states a claim against it. *See Letherer v. Alger Grp., LLC*, 328 F.3d 262,

268 (6th Cir. 2003) (affirming dismissal of a defendant when no party stated a claim for relief against it), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008).

### D. Required Party

But the Slatterys argue that even if no party seeks relief from it, the court must retain TVA as a party because Rule 19 requires it. Under that rule, the court must join a "required" party to a suit when "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). In determining whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings. *See Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

The Slatterys contend that the state court order entered before removal had already established TVA as a required party. Recall that the state court order required "any party . . . seeking an easement to cross the lands of the Slatterys [to] join [TVA] as a party . . . ." Crucially, though, the order clarified that "notwithstanding the foregoing, any party . . . not seeking to cross any lands subject to the TVA's flowage easement shall not be required to make TVA a party with respect to such claim." The state court thus ordered the parties to join TVA *if* they sought an easement crossing a flowage easement on the Slatterys' land. As discussed, neither of Hensley's proposed easement routes would do so. And regardless, a state court order entered before removal cannot bind a district court. S*ee* 28 U.S.C. § 1450; *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). The district court found in its later order that the Slatterys failed to show Hensley's easement would cross a flowage easement and concluded that TVA was not a required party. To the extent that they conflict, the district court order supersedes the prior state court order.

Undeterred, the Slatterys urge us to examine certain tax and land acquisition maps. Those maps, they contend, reveal that any possible path for Hensley's easement will necessarily cross TVA's flowage easement. Yet the district court determined that the Slatterys never explained how the review of the maps aided their stance that Hensley's proposed easement would invariably cross a flowage easement. We agree.

The Slatterys fail to show how TVA's absence will prejudice them or thwart the court's ability to "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). The TVA disclaims any interest in this litigation, and Hensley's sought-after relief will not affect TVA's flowage easements. The district court did not err—let alone abuse its discretion—in finding that TVA is not a required party. We affirm.